IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| THOMAS DAMAN., | ) | CASE NO. 2:22CV01020-DSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID S. CERCONE |
| | ) | |
| FIRSTENERGY CORP., | ) | **DEFENDANTS' RULE 12(B)(6) MOTION** |
| FIRSTENERGY NUCLEAR OPERATING | ) | **TO DISMISS PLAINTIFF'S** |
| COMPANY (formally a Subsidiary of | ) | **COMPLAINT** |
| FirstEnergy Corp.), | ) | |
| ENERGY HARBOR NUCLEAR CORP. | ) | |
| (formally known as FirstEnergy Nuclear | ) | |
| Operating Company), | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME the Defendants, First Energy Corp., First Energy Nuclear Operating Company, and Energy Harbor Nuclear Corp. (hereinafter collectively referred to as "Defendants"), by counsel, and hereby respectfully move the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing, with prejudice, Thomas Daman's ("Plaintiff") Complaint. In support thereof, and as is set forth in more detail in the accompanying memorandum of law, the Defendants state as follows:

Plaintiff filed his Complaint *pro se* against the Defendants on June 13, 2022, in the Court of Common Pleas of Beaver County, Pennsylvania. [Dkt. 1, Plaintiff's Complaint at Attachment #2] against the Defendants. The Complaint alleges that on May 3, 2016, one or more Defendants forced him to retire; the letter advising Plaintiff of his alleged forced retirement also allowed him to return to work at some date in the future; and if and when he returned to work, Plaintiff could then elect to retire on his own accord; that Defendant "FirstEnergy" would then "re-commence"

his pension benefits and "actuarially adjust them for the payments missed" during his period of forced retirement. [Plaintiff's Complaint, Second and Third Full Paragraphs on Page 2 of the Complaint[1]].

Plaintiff further alleges in Complaint that his "right" to return to work was governed by the FirstEnergy Nuclear Operating Company CBA at "Article IV. Section L. 3." [Id. at Fourth Paragraph, Page 2 of the Complaint][2]; and the CBA on which his claims solely rest "is binding under Federal Law, by the United States Constitution at Article I. Section 10…." [Id. at Fifth Paragraph, Page 2]. Finally, Plaintiff alleges he filed grievance No. 25719, on October 26, 2016, pursuant to the terms of the CBA, "because the company violated the Collective Bargaining Agreement Contract." [Id. at Fourth Paragraph, Page 3]. Finally, the Complaint alleges, by January 18, 2019, Plaintiff was aware his grievance had been withdrawn with the consent of his Union. [Complaint, Page 3, First Full Paragraph].

In short, Plaintiff asserts a breach of the CBA by Defendants in part because his Union chose to withdraw grievance No. 25719. However, Plaintiff's Complaint was filed more than six (6) months after his grievance was withdrawn; Plaintiff failed to name his Union as a defendant or to allege that his Union breached the duty of fair representation owed to him; and Plaintiff named FirstEnergy Corp. and Energy Harbor Nuclear Corp. despite the fact neither were parties to the CBA.

For these reasons, the Court should dismiss Plaintiff's Complaint, with prejudice, because (1) Plaintiff filed his Complaint *over three (3) years* after the Union agreed to the withdrawal of

---

[1] Plaintiff is proceeding *pro se,* and his state court Complaint is unnumbered. As such, Defendants will cite to paragraphs in this fashion throughout.

his grievance and his claim is therefore time-barred; (2) the Plaintiff failed to name his Union as a defendant and failed to allege the Union breached its duty of fair representation as required under Section 301 of the Labor Management Relations Act; and (3) to the extent FirstEnergy Corp. and Energy Harbor Nuclear Corp. were not parties to the CBA, they are not properly named as defendants to Plaintiff's time-barred and fatally flawed Section 301 claim.

WHEREFORE, for the reasons set forth above, Defendants respectfully pray that this Court (1) dismiss the Plaintiff's Complaint as against all Defendants with prejudice and (2) for all such other relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *W. Eric Baisden*
W. Eric Baisden
Benesch, Friedlander, Coplan & Aronoff
200 Public Square, #2300
Cleveland, OH 44114
T: 216-363-4676
F: 216-363-4588
E: ebaisden@beneschlaw.com

and

Joseph R. Blalock (*pro hac vice forthcoming*)
Benesch, Friedlander, Coplan & Aronoff
41 South High Street, #2600
Columbus, OH 43215
T: 614-223-9359
F: 614-223-9330
E: jblalock@beneschlaw.com

*Attorneys for Defendants FirstEnergy Corp., FirstEnergy Nuclear Operating Company, and Energy Harbor Nuclear Corp.*

## **CERTIFICATE OF SERVICE**

I, W. Eric Baisden, hereby certify the foregoing was filed via the CM/ECF Court System on July 20, 2022, and served on Plaintiff Thomas Daman at 578 Jefferson Street, Rochester, PA 15074 via U.S. Regular Mail.

/s/ *W. Eric Baisden*
W. Eric Baisden
*One of the Attorneys for Defendants FirstEnergy Corp., FirstEnergy Nuclear Operating Company, and Energy Harbor Nuclear Corp.*