**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**THOMAS DAMAN**, Plaintiff,

v.

**FIRSTENERGY CORP., FIRSTENERGY NUCLEAR OPERATING COMPANY** formally a Subsidiary of First Energy Corp., **ENERGY HARBOR NUCLEAR CORP.** formally known as FirstEnergy Nuclear Operating Company, Defendants.

2:22cv1020
**Electronic Filing**

**MEMORANDUM**
**AND**
**ORDER OF COURT**

On March 29, 2023, the court entered an opinion and order granting defendants' motion to dismiss plaintiff's original complaint as untimely filed. The court ruled that plaintiff was attempting to pursue a claim under section 301 of the Labor Management Relations Act, which must be commenced within 6 months of its accrual; that plaintiff received notice of the withdrawal of his grievance on January 18, 2019, which marked the accrual of his claim; and the filing of his complaint more than 3 years later rendered his lawsuit time-barred.

In its opinion, the court raised the doctrine of equitable tolling and examined the record under the three general scenarios where the doctrine can be invoked. It opined:

> Equitable tolling stops the statute of limitations from running when an accrual date already has been triggered. Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007). It may be appropriate in three situations: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way

> has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights in the wrong forum. Oshiver, 38 F.3d at 1387.

Opinion of March 29, 2023 (Doc. No. 30) at 8. It then explained why the record did not support tolling under any of these common situations: the first situation was not applicable because plaintiff had not asserted that defendants actively misled him with respect to his section 301 claim; second, plaintiff's only grievance was dismissed without prejudice and nothing in the record suggested he took formal action to perfect his claim before the limitation period expired; and third, the record did not provide any reason to assume plaintiff had asserted his rights in the wrong forum. Against this backdrop, equitable tolling did not appear to be appropriate.

Out an abundance of caution, the court permitted plaintiff leave to file an amended complaint presenting facts that plausibly suggest equitable tolling is applicable. Plaintiff filed an amended complaint on May 3, 2023, and a number of other submissions, including an "amended claim supplement." Plaintiff's amended complaint, even if augmented by plaintiff's amended claim supplement, fails to provide a sound basis for equitable tolling.

First, plaintiff has failed to advance any fact that will support a finding that defendant misled plaintiff with respect to the filing of his section 301 claim. Nor has he identified any basis for attributing some action or inaction of defendants to be the cause of plaintiff's delay in filing his section 301 claim. Thus, the Amended Complaint as supplemented fails to satisfy the first scenario for equitable tolling.

Plaintiff likewise has failed to establish a sound basis for finding that he was prevented from asserting his rights. He invokes the COVID-19 pandemic as an extraordinary cause for tolling the statute of limitations. He asserts he believed he had four years to file his claim under Pennsylvania law and he did meet with his family attorney and then a couple of other attorneys. Two of these attorneys requested many documents and met with plaintiff over the course of

several visits. After the passage of "much time," each of these attorneys told plaintiff they couldn't help him and he was forced to file his claim without an attorney. Communicating and meeting with at least two of these attorneys, which by fair inference occurred during the course of the pandemic, assertedly contributed to the delay in plaintiff filing his *pro se* complaint.

The difficulty with plaintiff's position is that his claim accrued on January 18, 2019, which was at least 13 months before the pandemic even occurred. Neither plaintiff's meeting with attorneys nor the difficulties he encountered with conducting meetings and communications during the course of the pandemic support a finding that plaintiff was prevented in some extraordinary way from asserting his section 301 claim in a timely manner. Delay in finding an attorney to take a case is not extraordinary. And the limitations period had already run before the pandemic arrived.

Moreover, even assuming for the sake of argument that plaintiff's meeting with representative Carry Fox in December of 2020 to discuss his case somehow extended the accrual date to December 31, 2020, the general existence of the COVID-19 pandemic and its impact on human interactions are not grounds that support a finding that it specifically prevented plaintiff from timely filing his complaint before September 15, 2021. This court was open and operating during this time with some modest restrictions that did not impede the filing of complaints. See e.g. United States v. Henry, 2020 WL 7332657, *4 (W.D. Pa. Dec. 14, 2020) ("Though the Western District of Pennsylvania has paused jury trials and at times temporarily paused grand juries sitting, this Court has otherwise been operating as normal and running at full capacity since Day One of the pandemic. The Court has been open for business each business day of the year and has received and docketed filings in the ordinary course. There has been no “standstill” in this Court.") (Hornak, C. J.). And except for the 78 days between March 16, 2020, and June 1,

2020, the Court of Common Pleas of Beaver County remained open for business under restrictions that would not have affected plaintiff's ability to file his complaint in that court. See, e.g., Orders for Beaver County Court of Common Pleas at https://www.pacourts.us/ujs-coronavirus-information; see also Order of August 31, 2020, at Section III entered by President Judge Kimberly Clark - https://www.pacourts.us/Storage/media/pdfs/20210508/230915-file-9944.pd. Even if these events were to be taken into account, the statute would have expired at the latest on September 15, 2021. It follows that plaintiff was not prevented in some extraordinary way from filing his claim in a timely manner.

Finally, plaintiff has not presented sufficient facts to support a finding that he filed his section 301 claim in a timely manner in the wrong forum. Plaintiff's efforts to fall back on his September 7, 2018, motion for contempt in his Worker's Compensation proceeding before Judge Briston is unavailing. To avail himself of this basis for tolling, plaintiff must show that the claim asserted in the other forum was for all intents and purposes the same claim that is currently being advanced. See School Dist. of City of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir. 1981) (the Supreme Court's precedent requires that a plaintiff show she "raised *the precise statutory claim in issue* but has mistakenly done so in the wrong forum.") (emphasis added). While plaintiff may well have filed a motion for contempt based on what he perceived to be a breach of the CBA, any such asserted breach occurred at least four months before the Union notified plaintiff that it withdrew his grievance and would not further pursue it, thereby giving rise to the accrual of plaintiff's section 301 claim. Even setting aside the issue of how a Worker's Compensation Court could have jurisdiction over a section 301 claim, plaintiff could not have asserted a claim that did not yet exist.

For the reasons set forth above, plaintiff's amended complaint, as supplemented, fails to

set forth facts presenting a plausible basis for tolling the statute of limitations. Consequently, equitable tolling cannot save plaintiff's section 301 claim from being dismissed as untimely and the order that follows is appropriate.

**ORDER**

AND NOW, this 31st day of August, 2023, upon due consideration of [32] plaintiff's Amended Complaint [39] as supplemented and [33] defendants' motion to dismiss the same, IT IS ORDERED that [33] defendant's motion to dismiss for failure to state a claim upon which relief can be granted be, and the same hereby is, granted. Final judgment pursuant to Rule 58 will be entered in the form of a dismissal of plaintiff's Amended Complaint, as supplemented, with prejudice.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Thomas Daman
578 Jefferson Street
Rochester, PA 15074

(*Sent Via First Class Mail*)

Eric Baisden, Esquire

(*Via CM/ECF Electronic Mail*)